Supreme Court, Suffolk Special Term, November, 1897. Unreported.

EDWARD GING *v.* JOHN SHERRY, as Treasurer of Suffolk County.

MADDOX, J.   Plaintiff to obtain a liquor tax certificate to traffic in liquors in the village of Greenport, on or about May 1, 1896, paid to defendant's predecessor in office a tax of $200, when by the terms of the " Liquor Tax Law " the tax therefor was but $100.   The certificate issued recited the payment of $200 " for excise tax."   About July 10, 1896, plaintiff made demand upon defendant's predecessor for the return to him of such excess payment of $100, and about March 5, 1897, delivered to defendant such liquor tax certificate and received from defendant a certificate of the same grade, covering the same period, and for the same place, reciting the payment of $100 " for excise tax "; and also received what was known as a " duplicate surrender receipt " for $100, payment of which has been demanded of defendant and refused.

Defendant contends that the delivery of the certificate was a surrender thereof for cancellation as contemplated by section 25 of the " Liquor Tax Law " and that the payment of such excess sum of $100 must be in the manner provided by that section as amended by chapter 312 of the Laws of 1897.

To this view I cannot assent since plaintiff did not " voluntarily cease to traffic in liquors during the term for which such tax was paid," nor did he seek a " refund of the *pro rata* amount of the tax paid for the unexpired term of such tax certificate." Quite on the contrary, for he continued such traffic; what he sought was the repayment of the sum wrongfully exacted from him upon his application for the certificate necessary that he might do business under the terms of that act, and the certificate was surrendered to the end that his claim might be adjusted.

It is true that by section 13 of the " Liquor Tax Law " the taxes shall be apportioned and paid by the collecting officers " within ten days from the receipt thereof " to the proper fiscal officers; but that section, in my opinion, has no application here as the excess payment of $100 was no part of the tax required by the act and the plaintiff has not asked repayment of any part, as a refund or otherwise, of such tax as fixed by subdivision 1 of section 11 of the act.

The action was, in my judgment, properly brought and is plaintiff's only remedy.

Judgment for plaintiff with costs.